IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUZANNE MILLER,

                Plaintiff,

v.                                                                                 Civ. No. 04-1158 JH/ACT

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's *Cross Motion for Remand Pursuant to 28 U.S.C. § 1447(c)* [Doc. No. 8] and Defendant's *Motion to Remand* [Doc. No. 23]. Although filed by opposing parties, both motions request the same relief: that this case be remanded to the Second Judicial District Court, Bernalillo County, New Mexico. The only remaining issue before the Court is whether Plaintiff should be awarded her attorney's fees incurred in opposing the removal of the case to federal court.

**PROCEDURAL BACKGROUND**

On September 10, 2004, Plaintiff filed her complaint in the Second Judicial District Court, Bernalillo County, New Mexico. On its face, that complaint asserts state law claims for breach of contract, insurance bad faith, and violation of the New Mexico Unfair Insurance Practices Act. On October 13, 2004, Defendant filed a Notice of Removal in this Court, claiming that there was federal subject matter jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. On November 1, 2004, Plaintiff filed her motion to remand, arguing that her state law claims were not preempted by ERISA because the plan at issue falls under ERISA's

"safe harbor" provisions, and therefore there was no subject matter jurisdiction. Then, on November 18, 2004, Defendant filed its response to the motion to remand. As the removing party, Defendant bore the burden of proving that subject matter jurisdiction was present. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) ("It is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction."); *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, Defendant's response brief contained only a short argument and no evidence in support of jurisdiction. Further, Defendant's brief contained no substantive response to Plaintiff's argument regarding the applicability of the "safe harbor" regulation. This was followed on December 6, 2004 by Plaintiff's reply brief in support of its motion to remand. Then, on February 28, 2005, Plaintiff filed her "supplemental brief" in support of her motion to remand. The Local Rules of this district provide only for a motion, response, and reply, yet Plaintiff did not seek leave of court prior to filing her "supplemental brief."

On March 8, 2005, Defendant filed its Motion to Remand. In that motion, Defendant states that at the time it filed its Notice of Removal, "Prudential believed that it could provide documentary support to overcome Plaintiff's claims that the safe harbor provisions contained in 29 C.F.R. § 2510.3-1(j) applied, but was not able to compile such documentation within the thirty (30) days before filing its Notice." Defendant also contends that "[d]espite a diligent search, those records have not yet been located." From this, Defendant argues that "[b]ecause Prudential's actions to remove this matter to federal court were made in good faith, a sanction of attorney fees is not appropriate..."

## DISCUSSION

The language of 28 U.S.C. § 1447(c) directs that the award of attorney's fees rests squarely within the discretion of the district court when a remand is ordered. *See* § 1447(c) ("An order

2

remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added)).

As the Tenth Circuit has recognized, "[i]n deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal. The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (internal citations omitted). On the other hand, attorney's fees may be denied where the defendant "had a fair basis for removing the case." *Daleske v. Fairfield Cmtys, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994). In other words, a plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004). Thus, "the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). *Accord Martin*, 393 F.3d at 1148 (citing *Valdes*).

Thus, the question is whether Defendant had a "fair basis" for believing subject matter jurisdiction existed on the date it filed its removal papers. *Daleske*, 17 F.3d at 324. Defendant has offered only one explanation in this regard: that it believed that Plaintiff's state law claims were preempted by ERISA and that it believed that it would be able to provide documents to rebut Plaintiff's assertion that the safe harbor provisions applied to the plan at issue.[1] Unfortunately,

---

[1] The safe harbor provision states:
> For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization,

3

Defendant does not set forth the factual basis, if any, for this belief. In addition, Defendant has not described what investigation of the facts it may have conducted in order to ascertain the propriety of removal prior to October 13, 2004. This absence of information leaves the Court to conclude that the Defendant lacked a fair and objectively reasonable basis for its apparently subjective belief that the plan did not meet the criteria set forth in the safe harbor provision.

    Furthermore, the Defendant's post-removal actions also support the conclusion that the removal was not only without a fair and objectively reasonable basis, but also that it was conducted in bad faith. Though Defendant initially had only 30 days after service of the Complaint in which to determine whether removal was proper, Defendant had until November 18, 2004—the deadline to respond to the Plaintiff's motion for remand—to gather the necessary materials to support subject matter jurisdiction. This constituted an additional month for Defendant to locate evidence regarding the plan in dispute. Despite this additional time, Defendant apparently still had not found any documentation or other evidence to support its position. Rather than admitting as much in its

---

> under which
> (1) No contributions are made by an employer or employee organization;
> (2) Participation in the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).

November 18, 2004 response brief, Defendant continued to assert that the removal was proper.

In short, this is unlike a case in which a defendant has exercised due diligence in researching the law and gathering the facts, and in doing so has reached an objectively reasonable yet ultimately erroneous conclusion that federal jurisdiction exists. In such a case, it would be improper to award attorney's fees. However, that is not the case here. Defendant has not provided the Court with an objective basis for its belief that it was entitled to remove the case. Rather, Defendant Prudential had an apparently unsubstantiated belief that subject matter jurisdiction was proper, and it removed the case on that basis alone without the objective facts to support such a conclusion. Furthermore, Defendant continued to assert that the removal was proper long after it was aware that it could not support its position with evidence. Accordingly, the Court will award Plaintiff her attorney's fees in moving for remand.

However, Plaintiff is entitled only to those reasonable attorney's fees incurred as a result of filing her motion to remand and the December 6, 2004 reply brief in support of that motion. Because Plaintiff violated the Local Rules by filing her "supplemental brief" in support of her motion to remand without requesting and obtaining leave of court, she is not entitled to fees in connection with that document.

IT IS THEREFORE ORDERED that:

(1)    Plaintiff's *Cross Motion for Remand Pursuant to 28 U.S.C. § 1447(c)* [Doc. No. 8] is GRANTED, and the case will be remanded to the Second Judicial District Court, Bernalillo County, New Mexico;

(2)    Plaintiff is entitled to reasonable attorney's fees incurred as a result of filing her motion to remand and the reply brief in support of that motion;

(3)     With regard to her claim for attorney's fees, in accordance with Local Rule 54.5, Plaintiff's counsel must file a motion, affidavit, and supporting evidence regarding those fees no later than April 14, 2005.

_____
UNITED STATES DISTRICT JUDGE